```
1  Eric J. Olson (SBN 37630)
   EJOLSONLAW
2  301 East Colorado Boulevard Suite 520
3  Pasadena, California 91101
   T: 818-245-2246
4  C: 626-224-5619
   E: Eric@EJOlsonLaw.com
5
6  Attorney for Appellant Defendant
   LESLIE KLEIN
7
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE KLEIN,<br><br>　　　　Appellant Defendant,<br><br>vs.<br><br>ROBERT & ESTHER MERMELSTEIN,<br><br>　　　　Appellee, Plaintiff Judgment Creditor. | Case No.: 2:24-cv-04607-FWS<br><br>Appeal from:<br><br>Case No.: 2:23-bk-10990-SK<br>Adv. No.: 2:23-ap-01153-SK<br><br>Before the Hon. Fred W. Slaughter<br><br>**APPELLANT LESLIE KLEIN'S AMENDED NOTICE OF RELATED CASES [CIV.L.R. 3-12]** |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 3-12, and Local Rule 83-1.3, notice is hereby given by Appellant Defendant, Leslie Klein, that the following appeal / cases filed by Appellant Leslie Klein pending in the Central District of California are related:

This amendment is made to reflect that the presumptive low number case, Leslie Klein v. Menlo, Co-Trustee of the Franklin Menlo Irrevocable Trust Established on March 1, 1983, 2:23-cv-09541-JGB has been dismissed and has therefore been closed. The presumptive second low number case is shown on the docket as having been transferred from Judge Fred W. Slaughter to Judge Jesus G. Bernal.

Leslie Klein v. Adi Vendriger, Co-Trustee and beneficiary of the First Amendment Trust Wendriger Family Dated May 7, 1990, 2:24-cv-03543-DMG has been dismissed but appellant is submitting an ex parte motion for its reversal pursuant to F.R.L.P 60.

1) Leslie Klein vs. David Berger, 2:24-cv-03344-JGB, filed April 23, 2024, before Judge Jesus G. Bernal;[1]

2) Leslie Klein vs. Robert & Esther Mermelstein, 2:24-cv-04607-FWS, filed April 22, 2024, before Judge Fred W. Slaughter;[2]

3) Leslie Klein vs. Adi Vendriger, Co-Trustee and beneficiary of the First Amendment Trust Wendriger Family Dated May 7, 1990, 2:24-cv-03543-DMG, filed April 29, 2024, before Judge Dolly M. Gee.[3]

## 1. Applicable Standard Under Civil L.R. 3-12

Under Civil Local Rule 3-12, an action is related to another when:

(1) The actions concern substantially the same parties, property, transaction, event, or question of law; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different USDC judges. Civil L.R. 3-12(a).

---

[1] Appeal from In re Leslie Klein, Bankruptcy Case No. 2:23-bk-10990-SK, David Berger vs. Leslie Klein, Adversary No. 2:23-ap-01169-SK, Complaint & Judgment for Nondischargeability of Debt pursuant to 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6).

[2] Appeal from In re Leslie Klein, Bankruptcy Case No. 2:23-bk-10990-SK, Robert & Esther Mermelstein vs. Leslie Klein, Adversary No. 2:23-ap-01153-SK, Complaint & Judgment for Nondischargeability of Debt pursuant to 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6).

[3] Appeal from In re Leslie Klein, Bankruptcy Case No. 2:23-bk-10990-SK, Adi Vendriger, Co-Trustee and beneficiary of the First Amendment Trust Wendriger Family Dated May 7, 1990 vs. Leslie Klein, Adversary No. 2:23-ap-01151-SK, Complaint & Judgment for Nondischargeability of Debt pursuant to 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6).

A notice of related case must include: "(1) The title and case number of each related case; (2) a brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(b); and (3) a statement addressing whether assignment to a single Judge is or is not likely to conserve judicial resources and promote an efficient determination of the action(s).

Under Civil Local Rile 83-1.3.1:

Notice of Related Civil Cases. It shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two or more civil cases filed in this District:

(a) Arise from the same or a closely related transaction, happening, or event;

(b) Call for determination of the same or substantially related or similar questions of law and fact; or

(c) For other reasons would entail substantial duplication of labor if heard by different judges. That cases may involve the same patent, trademark, or copyright does not, by itself, constitute a circumstance contemplated by (a), (b), or (c).

The Notice of Related Cases must include a brief factual statement that explains how the cases in question are related under the foregoing factors. All facts that appear relevant to such a determination must be set forth. The Notice must be filed at the time any case (including a notice of removal or bankruptcy appeal) appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to

another. The Notice must be served on all parties who appeared in the case and concurrently with service of the complaint.

## 2. Related Cases

The three appeals / cases are related in each of the following aspects:

(1) The defendant in each of the cases is the Chapter 11 Debtor, Leslie Klein.

(2) All three cases dealt with Plaintiffs who brought suit and, obtained default judgments against the Chapter 11 Debtor, Leslie Klein, for Nondischargeability of Debt pursuant to 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6).[4]

(3) Most, of the factual allegations, causes of action, legal issues, and legal arguments are the same. All three Nondischargeability complaints arise from the same bankruptcy case, its filing, the same or similar statutes, and arise from the same fact patterns, defaults and/or judgments taken, requests to set aside, and the denial and the legal issues therein.

(4) All of the cases involve defaults initiated by Plaintiffs without compliance with their counsel's professional obligations to warn of a contemplated default and

---

[4] There are three other Adversary Proceedings pending in the Chapter 11 case:
1. Leslie Klein vs. Joseph & Erica Vago, Adversary No. 2:23-ap-01147-Sk, Complaint & Judgment for Nondischargeability of Debt pursuant to 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6);
2. Joseph & Erica Vago vs. Leslie Klein, Adversary No. 2:23-ap-01150-SK, Complaint & Judgment for Nondischargeability of Debt pursuant to 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6);
3. Jeffrey Siegel vs. Leslie Klein, Adversary No. 2:23-ap-01154-SK, Complaint & Judgment for Nondischargeability of Debt pursuant to 11 USC § 523(a)(2)(A), 11 USC § 523(a)(4), & 11 USC § 523(a)(6);

**APPELLANT LESLIE KLEIN'S AMENDED NOTICE OF RELATED CASES [CIV.L.R. 3-12]**
- 4 -

after prompt request by Defendant, refused to give an opportunity to respond as recognized by the Ninth Circuit. See Exhibit 1 attached hereto.

(5) Appellant agrees with counsel for Appellees Berger and Mermelstein that assignment to a single USDC Judge is likely to conserve judicial resources and promote an efficient determination of the action(s).

3. **Conclusion**

For the reasons stated, the cases at hand should be deemed related and promptly assigned in accordance with the rules of this Court.

Dated: July 1, 2024

Eric J. Olson
Attorney for Appellant Defendant
Judgment Debtor Leslie Klein

**APPELLANT LESLIE KLEIN'S AMENDED NOTICE OF RELATED CASES [CIV.L.R. 3-12]**

- 5 -

# EXHIBIT 1

[5:29.2 — 5:29.4]

firms today... Where, as here, there is no indication of bad faith, prejudice or undue delay, *attorneys should not oppose reasonable requests for extensions* of time brought by their adversaries." [*Ahanchian v. Xenon Pictures, Inc.* (9th Cir. 2010) 624 F3d 1253, 1263 (emphasis added; internal quotes omitted) (citing Cal. Attorney Guidelines of Civility & Prof. §6)]

(b) [5:29.2] **Duty to warn?** On expiration of the extension, plaintiff's counsel may request entry of defendant's default. *However*, where the time to respond was extended by stipulation, plaintiff's *duty to warn* before entry of default is *particularly strong*. Entry of default immediately upon expiration of the extension, without prior warning to defense counsel, is a professional discourtesy and would almost certainly be set aside. *See* ¶5:68 ff.

*Civility Guideline:* An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning. [State Bar California Attorney Guidelines of Civility and Professionalism §15]

(c) [5:29.3] **Limitation:** Parties may not stipulate to more than one 15-day extension of time to plead without court order. [Gov.C. §68616, *see* ¶6:386; CRC 3.110(d)]

(d) [5:29.4] **Application for further extension:** The court may extend the time to respond *sua sponte* or on a party's application. [CRC 3.110(e)]

A party's application for an order extending the time to *serve any pleading* (complaint, cross-complaint, or responsive pleading) must be filed with the court *before the time for service* has expired. In addition, the application must be accompanied by a declaration:

— "showing why service has not been completed;
— "documenting the efforts that have been made to complete service; and
— "specifying the date by which service is proposed to be completed." [CRC 3.110(e)]

**FORM:** The application for further extension may be made on optional Judicial Council form CM-020, Ex Parte Application for Extension of Time to Serve Pleading and Orders.

*See Form 5:2* in Rivera, *Cal. Prac. Guide: Civ. Pro. Before Trial FORMS* (TRG).

Ex 1

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard Suite 520, Pasadena, California 91101.

On July 1, 2024, I served the foregoing "**Appellant Leslie Klein's Amended Notice of Related Cases [Civ.L.R. 3-12]**" on the interested parties in this action by:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") AND/OR BY EMAIL:**

- Paul P. Young - paul@cym.law
- Nikko Salvatore Stevens - nikko@cym.law
- Armen Minasserian - armen@cym.law
- Clarisse Young Shumaker - youngshumaker@smcounsel.com
- Brett J. Wasserman - wasserman@smcounsel.com
- Robert P. Goe - kmurphy@goeforlaw.com
- John W. Lucas - jlucas@pszjlaw.com
- Ron Maroko - ron.maroko@usdoj.gov
- Baruch C. Cohen - bcc@baruchcohenesq.com
- Jeff Nolan - jnolan@pszjlaw.com

II. **SERVED BY U.S. MAIL:**

U.S. District Court
Attention: Judge Slaughter – Chambers Copy
411 West 4th Street, 10th Floor
Santa Ana, California 92701-4516

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.
I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this is executed on July 1, 2024, at Pasadena, California.

_____
Jasper Pantaleon