1 | Eric J. Olson (SBN 37630)
2 | EJOLSONLAW
3 | 301 East Colorado Boulevard Suite 520
    | Pasadena, California 91101
4 | T: 818-245-2246
5 | C: 626-224-5619
    | E: Eric@EJOlsonLaw.com
6 |
7 | Attorney for Appellant Defendant
    | LESLIE KLEIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| LESLIE KLEIN, | Case No.: 2:24-cv-04607-JGB |
|---|---|
| Appellant Defendant, | Appeal from:<br>Case No.: 2:23-bk-10990-SK<br>Adv. No.: 2:23-ap-01153-SK |
| VS. | Before the Hon. Jesus G. Bernal |
| ROBERT & ESTHER MERMELSTEIN, | **APPELLANT'S OPPOSITION TO MOTION TO DISMISS APPEAL FOR FAILURE TO PROSECUTE; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF ERIC J. OLSON IN RESPONSE TO MOTION TO DISMISS** |
| Appellee, Plaintiff Judgment Creditor. | Hearing: September 23, 2024<br>Time: 9:00 AM<br>Place: 3470 Twelfth Street<br>Riverside, California 92501 |

//

**APPELLANT'S OPPOSITION TO MOTION TO DISMISS APPEAL FOR FAILURE TO PROSECUTE; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF ERIC J. OLSON IN RESPONSE TO MOTION TO DISMISS**

- 1 -

# OPPOSITION TO MOTION TO DISMISS APPEAL FOR FAILURE TO PROSECUTE

Appellant opposes the Motion to Dismiss Appeal for Failure to Prosecute.

Dated: August 29, 2024



Eric J. Olson
Attorney for Appellant Defendant
Judgment Debtor Leslie Klein

## POINTS AND AUTHORITIES

## BACKGROUND FACTS

a) This case ("the Mermelstein case") is related to the case of Berger v. Klein (2:24-cv-03344-JGB) ("the Berger case") (See Notice of Related Cases Doc 12, a copy of which is attached as Exhibit I)[1]. The two cases are virtually identical in all material respects except that there is no motion to dismiss appeal in the Berger case.

---

[1] The other two cases, 2:23-cv-09541-JGB and 2:24-cv-03543-JGB have been dismissed on bases that as more fully set forth herein, are not probative on this motion.

APPELLANT'S OPPOSITION TO MOTION TO DISMISS APPEAL FOR FAILURE TO PROSECUTE; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF ERIC J. OLSON IN RESPONSE TO MOTION TO DISMISS

b) The Mermelstein case was filed in this Court on April 23, 2024 (Doc 1). A copy of the docket is attached hereto as Exhibit II. A copy of the docket in the Berger case is attached hereto as Exhibit III.

c) On June 10, 2024, a notice was filed from the Bankruptcy Court that the record was deficient in not including the Statement of Issues and Designation of Record. (See Appellees' Exhibit 1), and the Honorable Fred W. Slaughter issued an Order to Show Cause reciting that those documents and a third (notice regarding the ordering of transcripts) had not been filed and requiring a response by June 20, 2024 "why this appeal should not be dismissed for lack of prosecution. Failure of Appellant to make adequate and/or timely response tot his Order will result in the dismissal of the appeal". (See Appellees' Exhibit 2).

d) On June 12, 2024, Appellant filed a Response to the Order to Show Cause showing that on June 10, 2024 he had filed the Designation of Record and Statement of Issues and that the Notice Regarding Ordering of Transcripts had actually been filed on April 24, 2024. (See Appellees' Exhibit 3).

e) Notwithstanding such Response Appellees threatened to move to dismiss the appeal (See Appellees' Exhibit 5), such threatened appeal to be based on the decision of this case in the case of Menlo

v. Klein 2:23-cv-9541-JGB (See Appellees' Exhibit 4), plus that (they claimed) the OSC contemplated a response that not only showed that the identified documents had been filed as contemplated but also an additional recitation. This motion was filed July 10, 2024.

f) There was no response by Judge Slaughter indicating that the Response was unsatisfactory[2]. On August 12, 2024, the Court, in both this case and the Berger case designated that a brief was to be served and filed by September 11, 2024 (Exhibit II No. 18) and (Exhibit III No. 16). Appellant anticipates filing his brief by September 11, 2024.

g) The underlying questions addressed at C infra and occupying most of the supporting material in Appellees' motion is the failure of counsel of Appellee to comply with his obligation to give notice of the contemplated default and offer Appellant a reasonable opportunity to Answer despite two written requests on behalf of Appellant and his attempted justification therefor.

---

[2] Compare the situation in 2:24-cv-03543-JGB wherein Chief Judge Gee dismissed indicating that she deemed the response was not what she contemplated.

APPELLANT'S OPPOSITION TO MOTION TO DISMISS APPEAL FOR FAILURE TO PROSECUTE; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF ERIC J. OLSON IN RESPONSE TO MOTION TO DISMISS
-4-

# ARGUMENT

## A. APPELLEES' MOTION IS SERIOUSLY DEFICIENT AS A MATTER OF FORM IN FAILING TO INCLUDE DOCUMENTS

1. Appellees' motion purports to be based on a Request for Judicial Notice, Appellees *"request the Court to take judicial notice of the following documents, which are attached hereto, in ruling on the concurrently filed Motion to Dismiss the Appeal..."* listing 30 documents. See Document 13, Page 14 Lines 3-5. However, the listed documents are not attached.

## B. APPELLEES' MOTION TO DISMISS FOR FAILURE TO PROSECUTE IS WHOLLY UNSUPPORTED BY THE FACTS OR THE OPINION IN THE CASE OF MENLO

2. Appellees' Motion to Dismiss Appeal For Failure to Prosecute is totally unsupported by the facts. A copy of the docket is attached hereto as Exhibit II. The first matter where Appellant was called on to do anything was June 10, 2024 and Appellant filed a Response on June 12, 2024 showing that it had been accomplished.

3. Appellees complain that the Response should have contained more descriptive/argumentative material but there was no complaint by the Court whose OSC it was and the Court proceeded in the ordinary

course of business and on August 12, 2024, the Court set the case for briefing (on the same date the Court also set the Berger case for briefing). (See Exhibits II, III)

4. In the Case of Menlo (Exhibit 4) relied on by Appellees, the Court noted at page 1-2 that the Bankruptcy Court had filed a deficiency notice on November 28, 2023 (docketed by this Court December 4, 2023) and responsive documents were filed January 4, 2024 and that on January 31, 2024 the Court ordered that the brief be filed March 1, 2024. The motion to dismiss therein was filed May 13, 2024. The Court therein states at pp 2-3 "*A litigant must prosecute an action with 'reasonable diligence' to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W, Inc 542 F 2d 522, 524 (9th Cir. 1976). Dismissal pursuant to Rule 41(b) requires a showing of unreasonable delay. Omstead v. Dell, Inc 594 F 3d 1081, 1084 (9th Cir 2010).*

5. By contrast, in this case, the deficiency notice was cured within 2 days (8 days before the deadline set by the Court) and the order setting a briefing would not occur for over a month setting the briefing for September 11, 2024. Since the same briefing schedule was set for the same day in the Burger case neither the Court nor Appellees were inconvenienced or prejudiced.

C. **THE UNDERLYING ISSUE IS THAT APPELLEES SEEK TO EXCUSE THE FAILURE OF THEIR COUNSEL TO HONOR HIS PROFESSIONAL AND LEGAL OBLIGATION TO WARN THE OPPOSING COUNSEL OF INTENT TO FILE A DEFAULT AND AFFORD A REASONABLE TIME TO FILE AN ANSWER. DESPITE A WRITTEN REQUEST ON BEHALF OF DEFENDANT APPELLANT TO GIVE OPPORTUNITY TO FILE THE ANSWER, APPELEES' COUNSEL IGNORED THE REQUEST ON THE LEGALLY UNSUPPORTABLE EXCUSE THAT THE WRITER OF THE LETTER, ATTORNEY OLSON, WAS NOT THE ATTORNEY OF RECORD FOR DEFENDANT APPELLANT. THE DEFAULT SHOULD, UNDER THE CIRCUMSTANCES, BE TREATED AS A NULLITY.**

6. Appellees refer in the declaration of their counsel Paragraph 15 at Page 19 to: "Cohen gave Olson a professional courtesy notice of Plaintiffs' intentions to pursue a default against the Debtor/Defendant, pursuant to Section 15 of the State Bar's enacted California Attorney Guidelines of Civility and Professionalism; *Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.*, (2019) 36 Cal.App.5th at 134, 137, No. G060411, 2022 Cal. App. LEXIS 854 (Ct. App. Oct. 17,

2022); *Fasuyi v. Permatex, Inc.*, 84 Cal. Rptr. 3d 351 (Cal.Ct.App.2008), quoting *Au-Yang v. Barton*, 90 Cal. Rptr. 2d 227 (1999)); *Lasalle v. Vogel*, 36 Cal. App. 5th 127, 248 Cal. Rptr. 3d 263 (2019); *Pearson v. Continental Airlines*, (1970) 11 Cal.3d 613, 619); *Weil & Brown, Civil Procedure Before Trial* (Rutter 2007) 5:68-5:70."

7. The same language and citations appear in Cohen's letter of November 27, 2023 (See Cohen Declaration Paragraph 23, Exhibit IV Exhibit I attached hereto).

8. Mr. Cohen's Declaration at Paragraph 25, 28 and 29 as follows:

"25. On 11-29-2023, after the default was entered, Olson resurfaced – without a filed substitution of attorney – requested yet another stipulation setting aside the default, and a continued response date. See, Olson Declaration, Exhibit "B" [Doc-49] ("3rd Extension Request)."

"28. On 12-8-2023, Olson followed up with Cohen requesting the same. See, See, Olson Declaration, Exhibit "C" [Doc-49]"

"29. Olson's 11-29-2023 and 12-8-2023 letters ("2nd Extension Request") were irrelevant and nullities since Olson was not counsel of record for Defendant. Olson never substituted into this adversary as counsel for Defendant, admitting that he's not even a "real bankruptcy

attorney". Accordingly, his letters to Plaintiffs' counsel are of no consequence, as Plaintiffs' counsel had no obligation to respond to Defendant's non-lawyer. Plaintiffs, after being victimized by Defendant for so long, and out of so much money, could not in good faith agree to Defendant's further requests for extensions."

9. Appellees offer no support for the idea that their obligation to inform counsel of a default only applies to an attorney of record. To the contrary, for instance, in one of their cases cited by Appellees, Shappell SoCal Rental Properties, LLC v. Chico's FAS, Inc. 85 Cal. App. 5th 198 at 205 and 214 (2022), a landlord tenant case, landlord has served tenant with a notice to pay rent or quit. Attorneys on behalf of tenant wrote to landlord identifying themselves as attorneys for tenant to receive communications in any matter pertaining to the lease. Landlord, without notifying counsel filed an unlawful detainer then entered a default judgment. Although landlord plainly knew of the attorneys they were by definition not attorneys of record in the unlawful detainer and yet the Court held that landlord owed the obligation to give notice to the attorneys for tenant.

10.     The obligation is not a mere "professional courtesy" as counsel characterizes it. The Shapell case, supra cited by Appellees, opens

with the words "An attorney has both an ethical and a statutory obligation to warn opposing counsel, if counsel's identity is known, of an intent to seek a default and to give counsel a reasonable opportunity to file a responsive pleading. In Lasalle v. Vogel (2019) 36 Cal. App. 5th 127, 137 [248 Cal. Rptr. 3d 263] (Lasalle), a panel of this Court confirmed that obligation directly, unequivocally, and without qualification."

11. The Ninth Circuit has confirmed counsel's obligations under the California author Ahanchian v. Xenon Pictures, Inc. 624 F.3d 1253 (9th Cir. 2010).

12. Counsel for Appellees has characterized the requests on half of Appellant for an opportunity to file an Answer as "nullities". Instead the default taken in violation of those obligations and the judgment taken based thereon should be treated as nullities.

//

## CONCLUSION

For the reasons set forth, the Court should deny the Motion to Dismiss Appeal for Failure to Prosecute.

Dated: August 29, 2024

_____
Eric J. Olson
Attorney for Appellant Defendant
Judgment Debtor Leslie Klein

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard Suite 520, Pasadena, California 91101.

On August 29, 2024, I served the foregoing "**Response to Appellee's Motion to Dismiss Appeal for Failure to Prosecute; Request for Judicial Notice; Declaration of Eric J. Olson**" on the interested parties in this action by:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") AND/OR BY EMAIL:**

- **Paul P. Young** - paul@cym.law
- **Nikko Salvatore Stevens** - nikko@cym.law
- **Armen Minasserian** - armen@cym.law
- **Clarisse Young Shumaker** - youngshumaker@smcounsel.com
- **Brett J. Wasserman** - wasserman@smcounsel.com
- **Robert P. Goe** - kmurphy@goeforlaw.com
- **John W. Lucas** - jlucas@pszjlaw.com
- **Ron Maroko** - ron.maroko@usdoj.gov
- **Baruch C. Cohen** - bcc@baruchcohenesq.com
- **Jeff Nolan** - jnolan@pszjlaw.com

II. **SERVED BY U.S. MAIL:**

**U.S. District Court**
**Attention: Judge Slaughter – Chambers Copy**
**3470 Twelfth Street**
**Riverside, California 92501**

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

**APPELLANT'S OPPOSITION TO MOTION TO DISMISS APPEAL FOR FAILURE TO PROSECUTE; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF ERIC J. OLSON IN RESPONSE TO MOTION TO DISMISS**

- 16 -

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this is executed on August 29, 2024, at Pasadena, California.

_____
Jasper Pantaleon

APPELLANT'S OPPOSITION TO MOTION TO DISMISS APPEAL FOR FAILURE TO PROSECUTE; REQUEST FOR JUDICIAL NOTICE; DECLARATION OF ERIC J. OLSON IN RESPONSE TO MOTION TO DISMISS
- 17 -