1  Eric J. Olson (SBN 37630)
   EJOLSONLAW
2  301 East Colorado Blvd, Ste 520
3  Pasadena, California 91101
   T: 818-245-2246
4  C: 626-224-5619
   E: Eric@EJOlsonLaw.com
5
6  *Attorney for Appellant Defendant*
   Leslie Klein
7

8
               IN THE UNITED STATES DISTRICT COURT
9
10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| In re Leslie Klein,<br>*Debtor.*<br>―――――――――――――――<br>ROBERT & ESTHER MERMELSTEIN,<br>*Appellees, Plaintiffs, Judgment Creditors*<br><br>v.<br><br>LESLIE KLEIN,<br>*Appellant, Defendant.* | Case No.: 2:24-cv-04607-JGB<br>Appeal from:<br>BK Case No.: 2:23-bk-10990-SK<br>Adv. Case No.: 2:23-ap-01153-SK<br><br>**APPELLANT'S BRIEF**<br><br>Date:<br>Time:<br>Department:<br>Judge: Hon. Jesus G. Bernal<br>Reservation No*:<br>Date Action Filed: April 23, 2024<br>Trial Date: |

                               1
                       APPELLANT'S BRIEF

# **TABLE OF CONTENTS**

Page

COVER PAGE ................................................................................. 1

TABLE OF CONTENTS ................................................................ 2

TABLE OF AUTHORITIES ........................................................... 3

APPELLANT'S BRIEF ................................................................... 4

    NOTE RE: RELATED CASES AND APPEALS ....................... 4

    JURISDICTIONAL STATEMENT ........................................... 4

    STATEMENT OF ISSUES ......................................................... 5

    RELEVANT FACTS FOR REVIEW ......................................... 8

    SUMMARY OF ARGUMENT .................................................... 12

    ARGUMENT .............................................................................. 14

    CONCLUSION ........................................................................... 20

CERTIFICATE OF COMPLIANCE ............................................. 21

PROOF OF SERVICE ..................................................................... 22

1

# Table of Authorities

2

Page

3

**Cases:**

4

Ahanchian v. Xenon Pictures, Inc.
    624 F3d 1253 (9th Cir 2010)

5

..................................................................................... 9, 15

6

*Au-Yang v. Barton*
    90 Cal.Rptr.2d 227 (1999)  ....................................... 7

7

*Eitel v. McCool*
    783 F.2d 1470 (9th Circ 1986)  ................................ 8

8

9

*Fasuyi v. Permatex, Inc.*
    84 Cal.Rptr.3d 351 (Cal.Ct.App. 2008)  ................... 7

10

*Lasalle v. Vogel (Lasalle)*
    36 Cal.App.5th 127 (2019)  ....................................... 6, 7

11

*Pearson v. Cont'l Airlines*
    11 Cal.3d 613 (1970)  ................................................ 7

12

*Rappleyea v. Campbell*
    8 Cal.4th 975 (1994)  ................................................ 7

13

*Shapell SoCal Rental Props., LLC v. Chico's FAS, Inc.*
    85 Cal.App.5th 198 (2022)  .................................... 7, 16

14

15

**Statutes:**

16

11 U.S.C. § 101  ...................................................... 4

17

**Other:**

18

California Attorney Guidelines of Civility and Professionalism  .......... 7, 10

19

Weil & Brown, Civil Procedure Before Trial (Rutter 2007)  ................. 7, 10

20

21

22

23

APPELLANT'S BRIEF

## Appellant's Brief

### NOTE RE: RELATED CASES AND APPEALS

The case of Mermelstein v. Klein (2:24-cv-04607-JGB) ("the Mermelstein case") is related to the case of Berger v. Klein (2:24-cv-03344-JGB) ("the Berger case") (See Notice of Related Cases, Mermelstein Doc 12 and Berger Doc 14). The two cases are virtually identical in all material respect.

### JURISDICTIONAL STATEMENT

Jurisdictional statement including:

- Basis for the bankruptcy court's subject matter jurisdiction Petition in Chapter 11 under the Bankruptcy Code 11 USC §§ 101 et seq, 1101 et seq filed February 22, 2023 by Defendant Appellant (Both cases).

- Basis for the district court's jurisdiction Defendant Appellant filed Notice of Appeal and Statement of Election electing District Court (Both cases).

FRAP 8002(a)(1): Fourteen-Day Period. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of judgment, order, or decree being appealed.

8002(b)(1)(C) & (D): Effect of a Motion on the Time to Appeal. (1)

4
APPELLANT'S BRIEF

In General. If a party timely in the bankruptcy court any of the following motions and does so within the time allowed by these rules, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: (C) for a new trial under Rule 9023; or (D) for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered.

- Filing dates establishing the timeliness of the appeal

  On April 22, 2024, Notice of Appeal re Judgment for Nondischargeability entered February 16, 2024 in Bankruptcy Court and Notice of Appeal entered April 10, 2024 re Order Denying Motion for Relief from Judgment including Reconsideration entered April 10, 2024 in Bankruptcy Court. Motion for Reconsideration filed March 1, 2024.

- The appeals are from a final judgment, order or decree (Both cases).

## STATEMENT OF ISSUES

A. The underlying issue is Appellees seek to excuse the failure of their counsel to honor his professional and legal obligation to warn the opposing counsel of intent to file a default and afford a reasonable time to file an answer. It is vividly set forth in Declaration of Eric J. Olson in Response to

5

APPELLANT'S BRIEF

Motion for Default Judgment (filed by Leslie Klein on February 5, 2024) Berger case Doc 51, Mermelstein case Doc 49 and Reply to Declaration of Eric J. Olson in Response to Motion for Default Judgment (filed February 7, 2024) Berger case Doc 53, Mermelstein case Doc 51 (Appendix 9 & 10) but all but invisible in the transcripts where the decisions appealed from are set forth. Despite a written request on behalf of Defendant Appellant to give opportunity to file the answer, Appellees' counsel ignored the request on the legally unsupportable excuse that the writer of the letter, Attorney Olson, was not the attorney of record for Defendant Appellant.

Appellees should be required to acknowledge and perform their obligation to grant a reasonable time to plead before seeking to utilize their default by moving for Judgment on Default. The Plaintiffs seek to profit from their wrong doing. The Default should, under the circumstances, be treated as a nullity. Appellees should be estopped from objecting to the consideration of these facts and/or they should be deemed to be the kind of facts, the failure of the Court to recognize should show an abuse of discretion.

From *Lasalle v. Vogel*, 36 Cal.App.5th 127, 134–135 (2019) *(Lasalle)* (one of Appellees' Authorities), "We acknowledge the standard of review for an order denying a set-aside motion is abuse of discretion. (*Ibid.*) **But there is an important distinction in the way that discretion is measured in section 473 cases. The law favors judgments based on the merits, not procedural missteps.** Our Supreme Court has repeatedly reminded

APPELLANT'S BRIEF

1  us that in this area doubts must be resolved in favor of relief, with an order

2  denying relief scrutinized more carefully than an order granting it. As

3  Justice Mosk put it in Rappleyea, "Because the law favors disposing of

4  cases on their merits, 'any doubts in applying section 473 must be resolved

5  in favor of the party seeking relief from default [citations]. Therefore, a trial

6  court order denying relief is scrutinized more carefully than an order

7  permitting trial on the merits.' (Elston v. City of Turlock (1985) 38 Cal.3d

8  227, 233 [211 Cal.Rptr 416, 695 P.2d 713]; see also Miller v. City of

9  Hermosa Beach (1993) 13 Cal.App.4th 1118, 1136 [17 Cal.Rptr.2d 408].)"

10  (*Rappleyea v. Campbell*, 8 Cal.4th 975, 980 (1994).)[1]

11    B. The Court declined to consider the Declaration of Eric J. Olson filed

12  by Appellant Klein (referred to in A above) on the following grounds: that it

13  was untimely and thus within the discretion of the Court to disregard, that

14  Attorney Olson had no standing to have his declaration considered, and

15  that on other occasions Attorney Olson had ghostwritten documents

16  
_____

17  [1]  Appellees' Authorities are recited by Appellees' letter dated November

18  27, 2023 in Declaration of Eric J. Olson filed February 5, 2024 and Reply to Declaration filed February 7, 2024 (See A Above) attorney's duty to warn of

19  contemplated entry of default. California Attorney Guidelines of Civility and Professionalism; *Shapell SoCal Rental Props., LLC v. Chico's FAS,*

20  *Inc.*, 85 Cal.App.5th 198, 134, 137 (2022) [sic 85 Cal.App.5th 198(2022)], No. G060411, 2022 Cal. App. LEXIS 854 (Ct. App. Oct. 17, 2022); *Fasuyi v.*

21  *Permatex, Inc.*, 84 Cal.Rptr.3d 351 (Cal.Ct.App. 2008), quoting *Au-Yang v. Barton*, 90 Cal.Rptr.2d 227 (1999)); *Lasalle v. Vogel*, 36 Cal.App.5th 127,

22  248 Cal. Rptr. 3d 263 (2019); *Pearson v. Cont'l Airlines*, 11 Cal.3d 613, 619 (1970)); Weil & Brown, Civil Procedure Before Trial (Rutter 2007)

23  5:68-5:70.

(including the Answers attached to his declaration as exhibits). See February 14, 2024 Transcript pp 13-16, 30.

Appellant contends that the enhanced review of discretion referred to in A above is applicable. As to the contentions of lack of standing and ghostwriting, Appellant contends that they have no merit, but may also be factors to be considered in connection with the enhanced review of discretion.

C. The bankruptcy court analyzed whether the Motions for Default Judgment should be granted under the test of *Eitel v. McCool*, 783 F.2d 1470 (9th Circ 1986).

According to the court therein *"We review the denial of a default judgment under Rule 55(b) Fed.R.Civ.P for abuse of discretion."*

## RELEVANT FACTS FOR REVIEW

On October 18, 2023, the Court had granted the motion of Mr. Klein's former attorney to withdraw and had further granted Mr. Klein's motion on the pleadings and set a date of November 18, 2023 (Saturday before Thanksgiving) to file his answers in the Berger and Mermelstein matters.

On November 27, 2023, the attorney for Berger and Mermelstein wrote a letter to Mr. Klein entitled "Warning of Proposed Default" in which he stated *"Per the Court's Order on Defendant's Motion for Order Dismissing Certain Causes of Action in Complaint, you were supposed to respond to the Complaint by 11–18–2023. As of today, 11–27–2023, you failed to respond to*

1   *the Complaint. As you are representing yourself in pro per, I am giving you a*

2   *professional courtesy notice of our intentions to pursue a default against*

3   *you."* and cited the cases set forth in footnote 1. (See Declaration of Eric J.

4   Olson filed February 5, 2024 Exhibit A)

5       On November 29, 2023, Attorney Olson wrote to Appellee's attorney

6   stating, *"I am writing regarding your letters dated November 27 "Warning*

7   *of Proposed Default". Mr. Klein, who is still in pro se, requested that I*

8   *contact you to advise that I have been asked to assist him in draft answers.*

9   *To my surprise, my assistant advised that he found notices from the Clerk*

10  *that your office had submitted requests to enter default yesterday and they*

11  *were entered. I am requesting that you confirm that you will stipulate to*

12  *setting aside the default to permit him to file his answers (which I would*

13  *contemplate tendering to the Court with the stipulation). That would be*

14  *consistent with 9th Circuit authority. See* Ahanchian v. Xenon Pictures, Inc.

15  (9th Cir 2010). *See also Civil Procedure Before Trial (TRG) 5.29–5.29.1(b). I*

16  *hope to have answers ready by December 8, 2023. Mr. Klein is still in pro se*

17  *as he seeks to engage a new "real" bankruptcy lawyer."* No response was

18  given. (See Declaration of Eric J. Olson filed February 5, 2024 Exhibit B)

19  Mr. Olson followed up December 8, 2023, but no response was given then,

20  either. (See Declaration of Eric J. Olson filed February 5, 2024 Exhibit C).

21      The parties filed Declaration of Eric J. Olson in Response to Motion for

22  Default Judgment (filed by Leslie Klein on February 5, 2024) Berger case

23  Doc 51, Mermelstein case Doc 49 and Reply to Declaration of Eric J. Olson

in Response to Motion for Default Judgment (filed February 7, 2024) Berger case Doc 53, Mermelstein case Doc 51. (Appendix 9 & 10)

Appellees state in their Points and Authorities at Page 1 Line 19 "on July 17, 2023, Cohen gave Olson a professional courtesy notice of Plaintiff's intentions to pursue a default against the Debtor/Defendant, pursuant to Section 15 of the State Bar's enacted California Attorney Guidelines of Civility and Professionalism; Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc. (2019) 36 Cal.App.5th at 134, 137 [sic 85 Cal.App.5th 198 (2022)], No. G060411, 2022 Cal. App. LEXIS 854 (Ct. App. Oct. 17, 2022); *Fasuyi v. Permatex, Inc.*, 84 Cal.Rptr.3d 351 (Cal.Ct.App. 2008), quoting *Au-Yang v. Barton*, 90 Cal.Rptr.2d 227 (1999)); *Lasalle v. Vogel*, 36 Cal.App.5th 127, 248 Cal. Rptr. 3d 263 (2019); Pearson v. Continental Airlines, (1970) 11 Cal.3d 613, 619); Weil & Brown, Civil Procedure Before Trial (Rutter 2007) 5:68–5:70."

Appellee's Points and Authorities further state, "On 11–27–2023, Cohen gave Klein yet another personal courtesy notice of Plaintiff's intentions to pursue a default against the Defendant pursuant to Section 15 of the State Bar's enacted California Attorney Guidelines of Civility and Professionalism".

***

"On 11–29–2023, after the default was entered, Olson resurfaced – without a filed substitution of attorney – requested yet another stipulation setting aside the default, and a continued response date. See, Olson

Declaration, Exhibit "B" [Doc-49] ("3rd Extension Request").

***

"On 12-8-2023, Olson followed up with Cohen requesting the same. See, See, Olson Declaration, Exhibit "C" [Doc-49]"

"Olson's 11–29–2023 and 12–8-2023 letters ("2nd Extension Request") were irrelevant and nullities since Olson was not counsel of record for Defendant. Olson never substituted into this adversary as counsel for Defendant, admitting that he's not even a "real bankruptcy attorney." Accordingly, his letters to Plaintiffs' counsel are of no consequence, as Plaintiffs' counsel had no obligation to respond to Defendant's non-lawyer. Plaintiffs, after being victimized by Defendant for so long, and out of so much money, could not in good faith agree to Defendant's further requests for extension."

On December 20, 2023, there was a status conference where the attorney for plaintiffs in the Berger and Mermelstein cases stated their intent to file motions for Default Judgment hearings set for February 14, 2024. Appellees filed Proofs of Claim on December 19, 2023 (Berger) and 6 Amended Proofs of Claim on January 10, 2024 (Mermelstein). Appellant treated these as amendments to the complaints which opened up the defaults and filed answers on January 2, 2023 (Berger) and January 12, 2024 (Mermelstein). (See Declaration of Eric J. Olson filed February 5, 2024 Exhibits D and E).

At the hearing on February 14, 2024, the Court declined to consider the

Declaration of Eric J. Olson filed February 5, 2024 on multiple grounds (See Transcript February 14, 2024 pp 13–16, 30). At various points, see e.g. Transcript February 14, 2024 at p34 lines 24-25, page 35 line 15, it is clear that the Court had read the declaration.

## SUMMARY OF ARGUMENT

A party contemplating taking a default has an obligation to warn an attorney for the potentially defaulting party and give them reasonable time to file a response.

Plaintiff gave such a warning in its letter dated November 27, 2023, recognizing such obligation and including Appellee's Authorities at footnote 1 in such letter. However, when Attorney Olson wrote on behalf of Defendant/Appellant (an attorney appearing in pro se) seeking to make arrangements to file a stipulation to set aside default with the answer on November 29 and again on December 8, Plaintiff simply ignored him. Later, Plaintiff contended that they were justified because Attorney Olson was not the attorney of record. See Declaration of Eric J. Olson filed by Leslie Klein February 5, 2024 and Reply of Plaintiff dated February 7, 2024 (Appendix 9 & 10).

"We acknowledge the standard of review for an order denying a set-aside motion is abuse of discretion (Ibid. **But there is an important distinction in the way that discretion is measured in section 473 case. The law favors judgments based on the merits, not procedural**

**missteps**" LaSalle v. Vogel 36 Cal App 5th 127, 134-135.

Plaintiff is seeking to shield itself from the consequences of its wrongdoing; it should not be permitted to gain from its own wrongdoing and as a result, the default it relies on should be considered a nullity. Plaintiffs should be estopped from objecting to the consideration of such facts and/or such facts show an abuse of discretion.

At the hearing on the motions for default judgments, the Court declined to consider the Declaration of Eric J. Olson on the triple bases that the Court has discretion to ignore late filed documents (but not stating why it should be exercised in that instance), that Mr. Olson lacked standing and that he had on other occasions ghostwritten documents. (See February 14, 2024 Transcript pp13-16, 30)

In applying the factors of Eitel v. McCool 782 F2d 1470, 1471-1472 (9th Cir 1986), the Court erred. Among other matters,

There is no prejudice to plaintiff not brought on themselves. Had plaintiff performed its legal obligation and permitted Defendant to file his Answers, they would have been on file within a month of the original due date (including Thanksgiving break). Then if at trial, Plaintiffs had prevailed in whole or in part, they would have enjoyed a judgment.

While the Court obviously determined that the claims were meritorious, it was based on presumptions based on Defendant being deemed in default and with out consideration of the explanations of Defendant including that the Trustee was holding the Plaintiff's money and that another claim was

APPELLANT'S BRIEF

based on expected insurance proceed on insureds who had not yet died. There was obviously a material dispute on the merits. (See Transcript February 14, 2024 pp26-29, 36)

There are millions of dollars on the disputed merits. If maximum, and disputed amounts are awarded, they not only impact Defendant but the creditor body as a whole.

It is not necessary that the Defendant have a default in answering be set aside before opposing a motion for default judgment. In this case, had the Court not declined to consider the merits of Plaintiffs' breach of their obligations, it is obvious that the default in answering should be set aside.

Once again, the preference for trial on merits should be given great weight. The Court saw substantial delays by Defendant where defendant was proceeding on the theory that the default had been opened so Defendant could file the answers shown in the Declaration of Eric J. Olson filed February 5, 2024. (Appendix 9)

## ARGUMENT

I. AN ATTORNEY HAS BOTH AN ETHICAL AND A STATUTORY OBLIGATION TO WARN COUNSEL, IF COUNSEL'S IDENTITY IS KNOWN, OF AN INTENT TO SEEK A DEFAULT AND TO GIVE COUNSEL A REASONABLE OPPORTUNITY TO FILE A RESPONSIVE PLEADING. APPELLEES SHOULD BE REQUIRED TO PERFORM THEIR OBLIGATION BEFORE SEEKING A DEFAULT JUDGMENT.

"An attorney has both an ethical and a statutory obligation to warn counsel, if counsel's identity is known, of an intent to seek a default and to give counsel a reasonable opportunity to file a responsive pleading. In LaSalle v. Vogel (2019) 36 Cal.App.5th 127, 137 [248 Cal.Rptr.263] (LaSalle) a panel of this Court confirmed that obligation, directly, unequivocally, and without qualification." Shapell SoCal Rental Properties, LLC v. Chico's FAS, Inc. 85 Cal.App.5th 198, 203 (2022). Hence the obligation is not a mere "professional courtesy", as Appellees characterize it.

Appellees repeatedly acknowledge this rule in principle.Shapell and LaSalle are part of a series of Appellee's Authorities listed at footnote 1 at page 7 supra stating that principle. While Appellee's Authorities are all California Authorities, Appellees have acknowledged them as applicable in this matter.

With Mr. Olson's letter dated November 29, 2023 is a copy of an excerpt from Civil Procedure Before Trial (The Rutter Group) ¶¶ 29.1 et seq. recognizing the 9th Circuit case of Ahanchian v. Xenon Pictures, Inc. (9th Cir 2010) 624 F3d 1253, 1263. In that letter, he was writing on behalf of Mr. Klein, an attorney in pro se, seeking to make arrangements to file answers with Appellees to provide a stipulation to be submitted with the Answers to set aside the defaults.

Instead of responding positively to the request to permit filing of the Answers, Appellees did not respond at all, but have subsequently contended

1    that there was no obligation to even respond to Mr. Olson's correspondence

2    since he was not the attorney of record (even though he identified himself

3    as writing at the request of Mr. Klein, an attorney, in pro se, for the

4    purpose of assisting him in the preparation and filing of the Answers.

5        Thus, the failure of Appellees to acknowledge and perform their

6    obligations (whereby the Answers would have long since been filed and

7    nothing of what occurred subsequently would have happened). Appellees

8    should be required to acknowledge and perform their obligation to grant a

9    reasonable time to plead before seeking to utilize their default by moving

10   for Judgment on Default. Appellees have sought to benefit from their

11   failure by a series of "Procedural Missteps" (LaSalle v. Vogel 36

12   Cal.App.5th 127, 134-135) contrary to the principle that no one should

13   benefit from his own wrong, whether by treating the defaults taken as

14   nullities, or by reason of estoppel, or treating the Procedural Missteps as

15   facts that show an abuse of discretion.

16      II. THERE IS NO EXCEPTION TO THE DUTY TO WARN AND GIVE

17   REASONABLE TIME TO FILE BASED ON THE ATTORNEY'S NOT THE

18   ATTORNEY OF RECORD BUT INSTEAD IDENTIFYING HIMSELF AS

19   ACTING AT THE REQUEST OF DEFENDANT, AN ATTORNEY ACTING

20   IN PRO SE.

21      Appellees offer no support for the idea that their obligation to inform

22   counsel of a default only applies to an attorney of record. To the contrary,

23   for instance, in one of their cases cited by Appellees, *Shapell SoCal Rental*

APPELLANT'S BRIEF

1  *Props., LLC v. Chico's FAS, Inc.*, 85 Cal.App.5th 198, 205 and 214 (2022), a

2  landlord tenant case, landlord had served tenant with a notice to pay rent

3  or quit. Attorneys on behalf of tenant wrote to landlord identifying

4  themselves as attorneys for tenant to receive communications in any

5  matter pertaining to the lease. Landlord, without notifying counsel filed an

6  unlawful detainer then entered a default judgment. Although landlord

7  plainly knew of the attorneys they were by definition not attorneys of

8  record in the unlawful detainer and yet the Court held that landlord owed

9  the obligation to give notice to the attorneys for tenant.

10  In this case, in his letter of November 29, 2023 Attorney Olson identified

11  himself as acting at the request of Defendant, an attorney acting in pro se.

12  In that sense the communication was actually that of the attorney of

13  record.

14  III. THE BANKRUPTCY COURT WRONGLY DECLINED TO

15  CONSIDER THE DECLARATION OF ERIC J. OLSON FILED BY MR.

16  KLEIN FEBRUARY 5, 2024 RELATING TO THE DUTY TO WARN AND

17  GIVE AN OPPORTUNITY TO FILE A RESPONSE, AND THE ANSWERS

18  FILED BY APPELLANT ON THREE GROUNDS.

19  The Court stated that it declined on the basis that the declaration was

20  untimely and that the court had the discretion to do so, without explaining

21  the reason for doing so. This is particularly important in light of the

22  quotation from LaSalle v. Vogel Cal.App.5th 127, 134-135, "But there is an

23  important distinction in the way that discretion is measured in section 473

cases. The law favors judgments based on the merits, not procedural missteps."

Although there is a long discussion of standing, it is not relevant to the matters at hand. The Declaration though that of Eric J. Olson is presented by Mr. Klein as the Debtor appearing in pro-se. There is no reason that Attorney Olson could not give a declaration as a witness and it is commonplace.

The Court also offers a reason that Mr. Olson had ghostwritten documents on other occasions. In this case, the declaration was that of Mr. Olson, himself, hence by definition, not ghostwriting.

IV. THE COURT IMPROPERY APPLIED THE FACTORS OF EITEL V. MCCOOL 782 F2d 1470 (9th Cir 1986)

There is no prejudice to plaintiff not brought on themselves. Had plaintiff performed its legal obligation and permitted Defendant to file his Answers, they would have been on file within a month of the original due date (including Thanksgiving break. Then if at trial Plaintiffs had prevailed in whole or in part, they would have enjoyed a judgment.

While the Court obviously determined that the claims were meritorious, it was based on presumptions based on Defendant being deemed in default and hence the pleadings being irrefutably true. And without consideration of the explanations of Defendant including that the Trustee was holding the Plaintiff's money and that another claim was based on expected insurance proceeds on insureds who had not yet died. There was obviously a material

1  dispute on the merits.

2      There are millions of dollars on the disputed merits. If maximum, and

3  disputed amounts are awarded they not only impact Defendant but the

4  creditor body as a whole.

5      It is not necessary that the Defendant have a default in answering be set

6  aside before opposing a motion for default. In this case, had the Court not

7  declined to consider the merits of Plaintiffs' breach of their obligations, it is

8  obvious that the default in answering should be set aside.

9      Once again, the preference for trial on merits should be given great

10 weight. The Court saw substantial delays by Defendant where defendant

11 was proceeding on the different theory that the default had been opened so

12 Defendant could file the answers shown in the declaration of Eric J. Olson

13 filed February 5, 2024. (Appendix 9)

14

15

16

17

18

19

20

21

22

23

1

2

### CONCLUSION

3    For the reasons set forth, the Court should overturn the Judgment on

4  Motion for Default Judgment and Order Denying Reconsideration, should

5  set aside the default, Appellant should be given 30 days to respond to the

6  complaint, and be awarded his costs.

7

8                                         EJOlsonLaw

9                                         Respectfully submitted,

10  Dated: September 11, 2024        By: /s/ Eric J. Olson

11                                        Eric J. Olson

12                                        Attorney for Appellant
                                          Defendant
13                                        Leslie Klein

14

15

16

17

18

19

20

21

22

23

APPELLANT'S BRIEF

1

## Certificate of Compliance

2

3    1. This document complies with the word limit of Fed. R. Bankr. P.

4  8015(a)(7)(B) because, excluding the parts of the document exempted by

5  Fed. R. Bankr. P. 8015(g): this document contains **3,695** words.

6    2. This document complies with the typeface requirements of Fed. R.

7  Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P.

8  8015(a)(6) because this document has been prepared in a proportionally

9  spaced typeface using Century Schoolbook in 14pt double-spaced.

10

11                                              EJOLSONLAW

12                                              Respectfully submitted,

13  Dated: September 11, 2024          By:  /s/ Eric J. Olson

14                                              Eric J. Olson

15                                              Attorney for Appellant
                                                Defendant
16                                              Leslie Klein

17

18

19

20

21

22

23

## Proof of Service

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within entitled action; my business address is 301 East Colorado Boulevard, Suite 520, Pasadena, California 91101.

On September 11, 2024, I served the foregoing "Brief" on the interested parties in this action by:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") AND/OR BY EMAIL:**

• Paul P. Young - paul@cym.law

• Nikko Salvatore Stevens - nikko@cym.law

• Armen Minasserian - armen@cym.law

• Clarisse Young Shumaker - youngshumaker@smcounsel.com

• Brett J. Wasserman - wasserman@smcounsel.com

• Robert P. Goe - kmurphy@goeforlaw.com

• John W. Lucas - jlucas@pszjlaw.com

• Ron Maroko - ron.maroko@usdoj.gov

• Baruch C. Cohen - bcc@baruchcohenesq.com

• Jeff Nolan - jnolan@pszjlaw.com

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Pasadena, California.

I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this is executed on September 11, 2024, at Pasadena, California.

EJOlsonLaw

Respectfully submitted,

Dated: September 11, 2024          By: /s/ Eric J. Olson

Eric J. Olson

Attorney for Appellant
Defendant
Leslie Klein