JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-4607-JGB**<br>**(2:23-BK-10990-SK)** | Date | September 18, 2024 |
|---|---|---|---|
| Title | ***In Re Leslie Klein*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Appellees' Motion to Dismiss (Dkt. No. 13); (2) DISMISSING Appeal; and (3) VACATING the September 23, 2024 Hearing (IN CHAMBERS)**

Before the Court is a motion to dismiss appeal for failure to prosecute filed by Appellees Esther Mermelstein and Robert Mermelstein ("Appellees"). ("Motion," Dkt. No. 13.) The Court determines this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion and **DISMISSES** this appeal with prejudice. The September 23, 2024 hearing on the Motion is **VACATED**.

## I.    BACKGROUND

On April 23, 2024, Appellant Leslie Klein ("Appellant") filed a notice of appeal. ("Notice of Appeal," Dkt. No. 1.) The same day, Appellant filed three amended notices of appeal. ("Amended Notices of Appeal," Dkt. Nos. 2-4.)

On June 10, 2024, the Court issued an order to show cause regarding dismissal for lack of prosecution. ("OSC," Dkt. No. 9.) The OSC stated that Appellant had failed to timely file a designation of record, statement of issue on appeal, or a notice regarding the ordering of transcripts. (See id.) The OSC ordered Appellant to file the required documents and show cause in writing, on or before June 20, 2024, why the appeal should not be dismissed for lack of prosecution. (See id.) On June 12, 2024, Appellant responded to the OSC. ("OSC Response,"

Dkt. No. 11.)  The OSC Response stated that the designation of record, statement of issue on appeal, and notice regarding the ordering of transcripts were filed with the Clerk of the Bankruptcy Court.  (See id.)

On July 10, 2024, Appellees filed the Motion.  (Motion.)  In support of the Motion, Appellees submitted a request for judicial notice, seeking that the Court take judicial notice of 30 filings and docket entries in this case and its underlying bankruptcy proceedings.  ("Appellee RJN," Dkt. No. 13 at 13.)[1]  Appellees also filed the declaration of attorney Baruch C. Cohen. ("Cohen Decl.," Dkt. No. 13 at 18.)

On August 29, 2024, Appellant opposed the Motion.  ("Opposition," Dkt. No. 19.)  In support of the Opposition, Appellant submitted a request for judicial notice, seeking that the Court take judicial notice of an amended notice of related cases, the dockets of two bankruptcy proceedings, and a declaration filed in the underlying bankruptcy proceeding.  ("Appellant RJN," Dkt. No. 19-1.)[2]  Appellant also filed the declaration of attorney Eric Olson ("Olson Decl.," Dkt. No. 19-2) with attached exhibits ("Olson Exs. I-IV," Dkt. Nos. 19-3–6).

On September 3, 2024, Appellees replied.  ("Reply," Dkt. No. 20.)  In support of the Reply, Appellees submitted another request for judicial notice, seeking that the Court take judicial notice of three orders filed in two related cases.  ("Appellee Reply RJN," Dkt. No. 20 at 12.)[3]  Appellees also filed the supplemental declaration of attorney Baruch C. Cohen ("Cohen Supp. Decl.," Dkt. No. 20 at 14) with attached exhibits ("Cohen Supp. Exs. 1-3," Dkt. No. 20 at 15-27).

---

[1] Though Appellees state that the relevant documents are "attached as exhibits hereto," they fail to attach the documents for which they seek judicial notice.  (See Appellee RJN.) Accordingly, the Court **DENIES** the Appellee RJN.  The Court also notes that it "will always take judicial notice of its own docket," and that the parties are not to submit separate requests for judicial notice when they reference the docket in this action.  See Phillips v. Irvine Company LLC, 2023 WL 5504993, at *1 (C.D. Cal. July 19, 2023).

[2] A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  "[P]ublic records maintained on government websites are generally subject to judicial notice."  Johnson v. DBTA, LLC, 424 F. Supp. 3d 657, 662 (N.D. Cal. 2019) (citation omitted).  Additionally, courts may take judicial notice of court records and filings as matters of public record.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Here, Appellant requests judicial notice of court records and filings as matters of public record.  Accordingly, the Court **GRANTS** the Appellant RJN.

[3] The legal principles expressed above with respect to Appellant's request for judicial notice apply with equal force to the documents submitted in the Appellee Reply RJN.  As such, the Court **GRANTS** the Appellee Reply RJN.

---

## II.    DISCUSSION

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, an appellant must file a statement of issues, designation of record, and notice of transcripts within fourteen days after filing the notice of appeal.  Fed. R. Bankr. P. 8009.  As stated in this Court's notice regarding appeal from the bankruptcy court, "[t]he failure of either party to comply with time requirements as stated in . . . applicable rules may result in the dismissal of the appeal."  (See Dkt. No. 6.)  Rule 8018(a)(4) of the Federal Rules of Bankruptcy Procedure also provides, "[i]f an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion.  An appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission."  Fed. R. Bankr. P. 8018(a)(4).  Additionally, Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016); Pagtalunan v. Galaza, 291 F.3d 639, 640–43 (9th Cir. 2002); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).  A litigant must prosecute an action with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Dismissal pursuant to Rule 41(b) requires a showing of unreasonable delay.  Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan, 291 F.3d at 642 (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  See Ghazali, 46 F.3d at 53–54.  Dismissal is warranted when "at least four factors support dismissal" or "where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

The Ninth Circuit has held that courts may impose sanctions, including dismissal, for violations of the Federal Rules of Bankruptcy Procedure after consideration of "(1) alternative measures in lieu of dismissal, and (2) whether the conduct giving rise to the dismissal was caused entirely by the party's attorney."  Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir. 1988).  However, the Ninth Circuit later clarified that it does not "read this language from Greco as permitting a client to escape the consequences for his or her attorney's conduct," and it does "not bar a district court from dismissing even when only the attorney is at fault."  In re Fitzsimmons, 920 F.2d 1468, 1472 n.3 (9th Cir. 1990).  In more recent opinions from the Ninth Circuit, panels have repeatedly and unanimously upheld dismissals of bankruptcy appeals for lack of prosecution, failure to comply with court orders and failure to follow procedural rules, without discussion of the two-step inquiry referenced in Greco, 859 F.2d 1401 and instead by applying the

aforementioned five-factor test.  See, e.g., Moore v. PHH Mortg. Corp., 2021 WL 6103114, at *1 (9th Cir. Dec. 22, 2021) (summarily affirming dismissal of bankruptcy appeal after the appellants failed to file an opening brief by the deadline set by the court); In re Flowers, 716 F. App'x 657, 658 (9th Cir. 2018) (same); In re Zavala, 699 F. App'x 751, 751 (9th Cir. 2017) (same); In re Lou, 116 F.3d 1486, 1486 (9th Cir. 1997) (affirming *sua sponte* dismissal of bankruptcy appeal after the appellant waited 49 days to designate the record on appeal, to file a statement of issues, and to file a notice of transcripts); In re Marsh, 19 F. App'x 727, 727 (9th Cir. 2001) (affirming dismissal of appeal for an 109-day delay in designating the record on appeal).

The Court finds that dismissal is appropriate.  The Court ordered Appellant to file a designation of record, statement of issues on appeal, and a notice regarding the ordering of transcripts, and to show cause in writing why the appeal should not be dismissed for lack of prosecution, by June 20, 2024.  (See OSC.)  Though Appellant filed the documents by the Court's set date, he provided no written explanation for missing the original, 14-day deadline governed by Rule 8009.  (See OSC Response.)  Moreover, Appellant appeals an order granting default judgment in the underlying bankruptcy case, a result of Appellant's failure to timely respond to the original complaint.  (See Dkt. No. 1-2.)  In his Opposition, Appellant still provides no explanation for his delay and failure to timely file the required documents for his appeal.  (See generally Opposition.)  Instead, Appellant spends much of his Opposition arguing about the merits of the underlying bankruptcy case.  (See id. at 7-10.)[4]  Given Appellant's delay in the underlying bankruptcy case, his failure to meet the original deadline to file documents for the appeal, and his failure to provide any explanation for his delay, the Court has no reason to believe that Appellant will diligently pursue this appeal.

The first two factors of the five-factor analysis described above—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980).  By failing to prosecute this appeal with reasonable diligence, and without adequate explanation, Appellant has unreasonably delayed adjudication of the action.  Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992), as amended (May 22, 1992); see also Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).

---

[4] The Court notes that both parties' briefing is woefully deficient.  Appellees file a brief with a "Legal Argument" section which appears to consist almost entirely of unedited, copy-pasted text from one of this Court's previous orders in a related matter.  (See Motion at 7-9.)  See In re Debtor Leslie Klein, No. 2:23-cv-09541-JGB (C.D. Cal. June 27, 2024) (Dkt. No. 27).  In fact, Appellees did not change the following sentence but included it in their brief: "The Court properly finds that dismissal is appropriate."  (See Motion at 9.)  The Court admonishes Appellees for this lack of diligence, effort, and oversight.

Appellant's unexplained delay has also prejudiced Appellees.  As Appellees correctly point out, Appellant's failure to timely file required documents delays their ability to recover in the underlying bankruptcy case because of the pendency of the appeal, which is far from resolution.  (See Motion at 7.)  Appellant's delay begets delay, and delay begets additional prejudice, forcing Appellees to spend needless resources contesting this matter—all after Appellees have already incurred the unnecessary expenditure of filing the Motion.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."); Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978) ("[P]rejudice is presumed from unreasonable delay."). While "the pendency of the [appeal] is not sufficiently prejudicial by itself to warrant dismissal," a court should evaluate the "strength of [a litigant's] excuse" for the delay in relation to the potential prejudice to their adversary; when the litigant has a "very poor reason" for the delay, that weighs in support of dismissal.  Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999).  As discussed above, Appellant provided no reason at all for his delay.

Additionally, the Court does not find less drastic sanctions realistic: Appellant unreasonably and inexplicably failed to timely file the necessary documents to pursue this appeal, and he provides no reason to believe he will do so in the future.  However, the public policy favoring disposition on the merits by definition weighs against dismissal.  See Pagtalun, 219 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal").  In sum, four of the five relevant factors weigh strongly in favor of dismissing this appeal in its entirety, which is more than sufficient.  See id., 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).  Accordingly, the Court finds dismissal of the appeal appropriate and **GRANTS** the Motion.

### III.    CONCLUSION

For the reasons above, the Court **GRANTS** the Motion and **DISMISSES** this appeal with prejudice.  The September 23, 2024 hearing is **VACATED**.  The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**